### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EDWIN BARTOK, on behalf of himself and other similarly situated individuals; BARBARA LEE, on behalf of herself and other similarly situated individuals; and THE MANUFACTURED HOME FEDERATION OF MASSACHUSETTS, INC., on behalf of its members and other similarly situated individuals,** | |
| **Plaintiffs,** | **Case No. 1:21-cv-10790-LTS** |
| **v.** | |
| **HOMETOWN AMERICA, LLC; HOMETOWN AMERICA MANAGEMENT, LLC; HOMETOWN OAKPOINT I, LLC; HOMETOWN OAKPOINT II, LLC; MILLER'S WOODS MHC, LLC; and RIVER BEND MHC, LLC,** | |
| **Defendants.** | |

### DEFENDANTS' ANSWER AND DEFENSES
### TO THE FIRST AMENDED CLASS ACTION COMPLAINT

Hometown America, LLC ("Hometown"), Hometown America Management, LLC ("Hometown Management"), Hometown Oak Point I, LLC and Hometown Oak Point II, LLC (together, "Hometown Oak Point"), and Miller's Woods MHC, LLC and River Bend MHC, LLC (together, "Hometown Miller's Woods") (collectively "Defendants"), hereby respond to the allegations set forth in Plaintiffs' First Amended Class Action Complaint for Injunctive Relief and Damages (the "First Amended Complaint"), paragraph by paragraph, as follows:

### INTRODUCTION

1.      Defendants admit the allegations set forth in Paragraph 1.

2.      Defendants admit the allegations set forth in Paragraph 2.

3.      Defendants admit the allegations set forth in Paragraph 3.

4.      Defendants deny the allegations set forth in Paragraph 4.

5.      Defendants admit that the Massachusetts Legislature has recognized that manufactured housing can provide affordable home ownership opportunities to low-income individuals and families. Defendants deny the remaining allegations set forth in Paragraph 5.

6.      Defendants deny the allegations set forth in Paragraph 6.

7.      Defendants deny the allegations set forth in Paragraph 7.

8.      Defendants deny the allegations set forth in Paragraph 8.

9.      Defendants admit that Mr. Bartok is a tenant of the Miller's Woods community and that the monthly rent currently paid for his home site is more than the lowest monthly rent currently paid by any Miller's Woods tenant. Defendants deny the remaining allegations set forth in Paragraph 9. Answering further, Defendants state that a reasonable plan is currently being implemented to modify the community rent structure that was in place when Hometown Miller's Woods acquired the Miller's Wood community, so as to achieve full and contemporaneous rent uniformity for all tenants at Miller's Woods within a reasonable time.

10.     Defendants admit that Ms. Lee is a tenant of the Oak Point community and that the monthly rent currently paid for her home site is more than the lowest monthly rent paid by any Oak Point tenant. Defendants deny the remaining allegations set forth in Paragraph 10. Answering further, Defendants state that a reasonable plan is currently being implemented to modify the community rent structure that was in place when Hometown Oak Point acquired the Oak Point community, so as to achieve full and contemporaneous rent uniformity for all tenants at Oak Point

within a reasonable time, while still respecting and honoring the terms of the lifetime leases that are now in effect at Oak Point.

11.     Defendants are without knowledge or information sufficient to enable them to respond to the allegations set forth in Paragraph 11.  If and to the extent a response may be required, the allegations are denied.

12.     The allegations set forth in Paragraph 12 purport to characterize this lawsuit and require no responsive pleading. If and to the extent a response may be required, the allegations are denied.

13.     The allegations set forth in Paragraph 13 purport to characterize this lawsuit and require no responsive pleading. If and to the extent a response may be required, the allegations are denied.

14.     The allegations set forth in Paragraph 14 purport to characterize this lawsuit and require no responsive pleading. If and to the extent a response may be required, the allegations are denied.

15.     The allegations set forth in Paragraph 13 purport to characterize this lawsuit and require no responsive pleading. If and to the extent a response may be required, the allegations are denied.

## JURISDICTION & VENUE

16.     Defendants admit the allegations set forth in Paragraph 16.

17.     Defendants admit the allegations set forth in Paragraph 17 with respect to jurisdiction and venue in federal District Court for the District of Massachusetts. Answering further, Defendants state that because this action is related to other cases now pending before the Honorable Leo T. Sorokin in the District Court in Boston, which also involve the Oak Point

community and overlapping groups of parties, this case should also be managed by Judge Sorokin in and from Boston.

**PARTIES**

18.     Defendants admit that Mr. Bartok currently resides in the Miller's Woods community and that the monthly home-site rent for the lot where Mr. Bartok's home is located has been paid since 2017. Defendants are without knowledge or information sufficient to enable them to respond to the remaining allegations set forth in Paragraph 18. If and to the extent a response maybe required, the allegations are denied.

19.     Defendants admit that Ms. Lee currently resides in the Oak Point community and that the monthly home-site rent for the lot where Ms. Lee's home is located has been paid since 2017. Defendants are without knowledge or information sufficient to enable them to respond to the remaining allegations set forth in Paragraph 19. If and to the extent a response maybe required, the allegations are denied.

20.     Defendants are without knowledge or information sufficient to enable them to respond to the allegations set forth in Paragraph 20. If and to the extent a response maybe required, the allegations are denied.

21.     Defendants admit the allegations set forth in Paragraph 21.

22.     Defendants admit the allegations set forth in Paragraph 22.

23.     Defendants admit the allegations set forth in Paragraph 23.

24.     Defendants admit the allegations set forth in Paragraph 24.

**FACTS**

I.     **GENERAL ALLEGATIONS**

25.     Defendants admit the allegations set forth in Paragraph 25.

4

26.     No response is required to the allegations set forth in Paragraph 26, which purport to state one or more conclusions of law.  If and to the extent an answer may be required, Defendants deny the allegations.

27.     Defendants admit that under the rent structure implemented by the prior owner of Miller's Woods, new tenants coming into the community generally signed 5-year leases for which the monthly rent was set at an appropriate market rate, regardless of whether that rate was higher or lower than the monthly rent rate then being charged to existing tenants who had come into the community at earlier times under leases covering different time periods. Defendants deny the remaining allegations set forth in Paragraph 27.

28.     Defendants admit that, upon Hometown's acquisition of Miller's Woods, Hometown continued the previously-established practice described in Paragraph 27 for setting the monthly rent rates under new leases for new tenants coming into the community. Defendants deny the remaining allegations set forth in Paragraph 28.

29.     Defendants admit the allegations set forth in Paragraph 29. Answering further, Defendants state that at all times relevant to this action, rents were charged and collected at Miller's Woods not only for the benefit of Hometown's Miller's Woods, but also for the benefit of the community residents who received and enjoyed the services and amenities that were supported by such rent payments.

30.     Defendants admit the allegations set forth in Paragraph 30.

31.     Defendants deny the allegations set forth in Paragraph 31, as stated.

32.     Defendants deny the allegations set forth in Paragraph 32, as stated.

33.     Defendants admit the allegations set forth in Paragraph 33. Answering further, Defendants state that at all times relevant to this action, rents were charged and collected at Oak

Point not only for the benefit of Hometown's Oak Point, but also for the benefit of the community residents who received and enjoyed the services and amenities that were supported by such rent payments.

34.     Defendants admit the allegations set forth in Paragraph 34.

35.     The allegations set forth in Paragraph 35 purport to characterize the contents of a complaint filed in the Massachusetts Housing Court, which speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, Defendants deny that the allegations of Paragraph 35 provide a full and fair characterization of the referenced complaint.

36.     Defendants admit the allegations set forth in Paragraph 36.

37.     The allegations set forth in Paragraph 37 purport to characterize the contents of a decision from the Massachusetts Housing Court, which speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, Defendants deny that the allegations of Paragraph 37 provide a full and fair characterization of the referenced decision.

38.     Defendants admit the allegations set forth in Paragraph 38.

39.     The allegations set forth in Paragraph 39 purport to characterize the contents of a decision from the Massachusetts Supreme Judicial Court, which speaks for itself and is the best evidence of its contents.  To the extent that a further response is required, Defendants deny that the allegations of Paragraph 39 provide a full and fair characterization of the referenced decision.

40.     Defendants admit that between June of 2015 and November of 2020, the community rent structure at Oakhill generally remained the same. To the extent the allegations set forth in Paragraph 40 purport to state one or more conclusions of law, no response is required. If and to the extent an answer may be required, Defendants deny the allegations. Answering further, Defendants state that during the specified time period, Hometown and its pertinent affiliates

consistently sought to comply with the requirements of Section 32L(2) of the Massachusetts Manufactured Housing Act, as they reasonably understood them, and believed in good faith that the rent structure in place at Oakhill was in such compliance.

41.     Defendants admit that between June of 2015 and November of 2020, the community rent structure, including the system and method for adjusting rents at Miller's Woods, generally remained the same. To the extent the allegations set forth in Paragraph 41 purport to state one or more conclusions of law, no response is required. If and to the extent an answer may be required, Defendants deny the allegations. Answering further, Defendants state that during the specified time period, Hometown and its pertinent affiliates consistently sought to comply with the requirements of Section 32L(2) of the Massachusetts Manufactured Housing Act, as they reasonably understood them, and believed in good faith that the rent structures in place at Miller's Woods and Oak Point were in such compliance.

42.     To the extent the allegations set forth in Paragraph 42 purport to state one or more conclusions of law, no response is required. If and to the extent an answer may be required, Defendants deny the allegations. Answering further, Defendants state that a reasonable plan is currently being implemented to modify the Oakhill community rent structure that was in place when Hometown acquired the Oakhill community, so as to achieve full and contemporaneous rent uniformity for all tenants at Oakhill within a reasonable time.

43.     To the extent the allegations set forth in Paragraph 43 purport to state one or more conclusions of law, no response is required. Defendants admit that the rent structure and rent rates for those Oak Point tenants who have lifetime leases necessarily remains in place for the remainder of the effective period of those leases.  Defendants further admit that in the wake of the Supreme Judicial Court's 2020 opinion in Blake v. Hometown America Communities, Inc., 486 Mass. 268

(2020),  Hometown Oak Point has modified the Oak Point community rent structure that was in place when Hometown acquired the Oak Point community, so as to achieve full and contemporaneous rent uniformity for all tenants at Oak Point within a reasonable time, while still respecting and honoring the terms of the lifetime leases that are now in effect at Oak Point.

44.     Defendants deny the allegations set forth in Paragraph 44.

45.     Defendants deny the allegations set forth in Paragraph 45.

46.     Defendants deny the allegations set forth in Paragraph 46.

47.     Defendants deny the allegations set forth in Paragraph 47.

## II.     CLASS ALLEGATIONS

48.     Defendants admit the allegations set forth in Paragraph 48.

49.     Defendants deny that rents were collected in violation of Section 32L(2) at Miller's Woods since 2015.  Defendants otherwise admit the allegations set forth in Paragraph 49, including the allegation that Mr. Bartok's demand letter asserted that such violations had occurred and demanded reimbursement plus interest.

50.     Defendants deny that rents were collected in violation of Section 32L(2) at Oak Point since 2015. Defendants otherwise admit the allegations set forth in Paragraph 50, including the allegation that Mr. Lee's demand letter asserted that such violations had occurred and demanded reimbursement plus interest.

51.     Defendants deny that rents were collected in violation of Section 32L(2) at Miller's Woods and/or Oak Point since 2015. Defendants otherwise admit the allegations set forth in Paragraph 51, including the allegation that the MFM's demand letter asserted that such violations had occurred and demanded reimbursement plus interest.

52.     Defendants admit that they timely responded to Plaintiffs' demand letters. Defendants deny the remaining allegations set forth in Paragraph 52.   Answering further, Defendants state that their written responses to the demand letters (a) identified the key factual and legal grounds on the basis of which the Defendants contend in good faith that they are not liable for the alleged violations of law described in the demand letters, and (b) presented a reasonable and good-faith settlement offer, which the Plaintiffs summarily and unreasonably rejected without due consideration and without any further effort to resolve the parties' dispute short of litigation .

**A.      Putative Miller's Woods Class**

**1.      Rule 23(a) & Rule 23(b)(3)**

53.     No response is required to the allegations set forth in Paragraph 53, which purport to state one or more conclusions of law.  If and to the extent an answer may be required, Defendants deny the allegations.

54.     Defendants deny the allegations set forth in Paragraph 54.

55.     Defendants deny the allegations set forth in Paragraph 55.

56.     Defendants deny the allegations set forth in Paragraph 56.

57.     Defendants deny the allegations set forth in Paragraph 57.

58.     Defendants deny the allegations set forth in Paragraph 58.

59.     Defendants deny the allegations set forth in Paragraph 59.

60.     Defendants deny the allegations set forth in Paragraph 60.

**2.      Chapter 93A, § 9(2)**

61.     Defendants deny the allegations set forth in Paragraph 61.

62.     Defendants deny the allegations set forth in Paragraph 62.

63.     Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations set forth in Paragraph 64.

65. Defendants deny the allegations set forth in Paragraph 65.

66. Defendants deny the allegations set forth in Paragraph 66.

**B.** **Putative Oak Point Class**

    **1.** **Rule 23(a) & Rule 23(b)(3)**

67. Defendants deny the allegations set forth in Paragraph 67.

68. Defendants deny the allegations set forth in Paragraph 68.

69. Defendants deny the allegations set forth in Paragraph 69.

70. Defendants deny the allegations set forth in Paragraph 70.

71. Defendants deny the allegations set forth in Paragraph 71.

72. Defendants deny the allegations set forth in Paragraph 72.

73. Defendants deny the allegations set forth in Paragraph 73.

74. Defendants deny the allegations set forth in Paragraph 74.

    **2.** **Chapter 93A, § 9(2)**

75. Defendants deny the allegations set forth in Paragraph 75.

76. Defendants deny the allegations set forth in Paragraph 76.

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

**C.** **Putative Miller's Woods Rent-Payer Class**

    **1.** **Rule 23(a) & Rule 23(b)(2)**

81. Defendants deny the allegations set forth in Paragraph 81.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants deny the allegations set forth in Paragraph 83.

84.     Defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

86.     Defendants deny the allegations set forth in Paragraph 86.

87.     Defendants admit that Plaintiffs' counsel of record is the director of a civil legal aid organization and holds both consumer law as well as class action experience. The allegations regarding the commitments of Plaintiffs' counsel and pertaining to his suitability to serve as class counsel require no response, but if and to the extent that a further response is required, Defendants deny the remaining allegations set forth in Paragraph 87.

88.     Defendants deny the allegations set forth in Paragraph 88.

        **2.      Chapter 93A, § 9(2)**

89.     Defendants deny the allegations set forth in Paragraph 89.

90.     Defendants deny the allegations set forth in Paragraph 90.

91.     Defendants deny the allegations set forth in Paragraph 91.

92.     Defendants deny the allegations set forth in Paragraph 92.

93.     Defendants deny the allegations set forth in Paragraph 93.

94.     Defendants deny the allegations set forth in Paragraph 94.

95.     Defendants deny the allegations set forth in Paragraph 95.

**D.     Putative Oak Point Rent-Payer Class**

        **1.      Rule 23(a) & Rule 23(b)(2)**

96.     Defendants deny the allegations set forth in Paragraph 96.

97.     Defendants deny the allegations set forth in Paragraph 97.

98.     Defendants deny the allegations set forth in Paragraph 98.

99.     Defendants deny the allegations set forth in Paragraph 99.

100.    Defendants deny the allegations set forth in Paragraph 100.

101.    Defendants deny the allegations set forth in Paragraph 101.

102.    Defendants deny the allegations set forth in Paragraph 102.

103.    Defendants deny the allegations set forth in Paragraph 103.

### 2.    Chapter 93A, § 9(2)

104.    Defendants deny the allegations set forth in Paragraph 104.

105.    Defendants deny the allegations set forth in Paragraph 105.

106.    Defendants deny the allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107.

108.    Defendants deny the allegations set forth in Paragraph 108.

109.    Defendants deny the allegations set forth in Paragraph 109.

110.    Defendants deny the allegations set forth in Paragraph 110.

### COUNT I

**BY EDWIN BARTOK ON BEHALF OF HIMSELF
AND THE MILLER'S WOODS CLASS
CONSUMER PROTECTION ACT – MASS. GENERAL LAWS C. 93A, § 9
MANUFACTURED HOUSING ACT – MASS. GENERAL LAWS. C. 140, § 32L(2)
<u>AS TO THE MILLER'S WOODS DEFENDANTS</u>**

111.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-110.

112.    Defendants admit the allegations set forth in Paragraph 112.

113.    Defendants admit the allegations set forth in Paragraph 113.

114.    Defendants deny the allegations set forth in Paragraph 114.

115.    Defendants deny the allegations set forth in Paragraph 115.

116.    Defendants deny the allegations set forth in Paragraph 116.

117.    Defendants deny the allegations set forth in Paragraph 117.

### COUNT II

**BY BARBARA LEE ON BEHALF OF HERSELF
AND THE OAK POINT CLASS
CONSUMER PROTECTION ACT – MASS GENERAL LAWS C. 93A, § 9
MANUFACTURED HOUSING ACT – MASS. GENERAL LAWS C. 140, § 32L(2)
<u>AS TO THE OAK POINT DEFENDANTS</u>**

118.    Defendants repeat and incorporate by reference their responses to Paragraphs

1-117.

119.    Defendants admit the allegations set forth in Paragraph 119.

120.    Defendants admit the allegations set forth in Paragraph 120.

121.    Defendants deny the allegations set forth in Paragraph 121.

122.    Defendants deny the allegations set forth in Paragraph 122.

123.    Defendants deny the allegations set forth in Paragraph 123.

124.    Defendants deny the allegations set forth in Paragraph 124.

### COUNT III

**BY EDWIN BARTOK ON BEHALF OF HIMSELF
AND THE MILLER'S WOODS RENT-PAYER CLASS &
BY THE MANUFACTURED HOME FEDERATION OF MASSACHUSETTS, INC.
ON BEHALF OF ITS MEMBERS AND THE MILLER'S WOODS RENT-PAYER CLASS
CONSUMER PROTECTION ACT – MASS. GENERAL LAWS C. 93A, § 9
MANUFACTURED HOUSING ACT – MASS. GENERAL LAWS C. 140, § 32L(2)
<u>AS TO THE MILLER'S WOODS DEFENDANTS</u>**

125.    Defendants repeat and incorporate by reference their responses to Paragraphs

1-124.

126.    Defendants admit that Mr. Bartok is a person, as that term is used in Section 9(1) of Massachusetts General Laws Chapter 93A.  Defendants are without knowledge or information sufficient to enable them to respond categorically to the allegations set forth in Paragraph 126 with respect to all MHM members who pay rent at Miller's Woods and the purported Miller's Woods Rent-Payer Class members.  If and to the extent a response to those allegations may be required, the allegations are denied.  Answering further, Defendants deny that the MFM is a person, as that term is used in Section 9(1) of Massachusetts General Laws Chapter 93A.

127.    Defendants admit the allegations set forth in Paragraph 127.

128.    Defendants deny the allegations set forth in Paragraph 128.

129.    Defendants deny the allegations set forth in Paragraph 129.

130.    Defendants deny the allegations set forth in Paragraph 130.

131.    Defendants deny the allegations set forth in Paragraph 131.

**COUNT IV**

**BY BARBARA LEE ON BEHALF OF HERSELF
AND THE OAK POINT RENT-PAYER CLASS &
BY THE MANUFACTURED HOME FEDERATION OF MASSACHUSETTS, INC.
ON BEHALF OF ITS MEMBERS AND THE OAK POINT RENT-PAYERS CLASS
CONSUMER PROTECTION ACT – MASS. GENERAL LAWS C. 93A, § 9
MANUFACTURED HOUSING ACT – MASS. GENERAL LAWS C. 140, § 32L(2)
AS TO THE OAK POINT DEFENDANTS**

132.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-131.

133.    Defendants admits that Ms. Lee is a person, as that term is used in Section 9(1) of Massachusetts General Laws Chapter 93A.  Defendants are without knowledge or information sufficient to enable them to respond categorically to the allegations set forth in Paragraph 133 with respect to all MFM members who pay rent at Oak Point and the purported Oak Point Rent-Payer

Class members.  If and to the extent a response to those allegations may be required, the allegations are denied.  Answering further, Defendants deny that the MFM is a person, as that term is used in Section 9(1) of Massachusetts General Laws Chapter 93A.

134.    Defendants admit the allegations set forth in Paragraph 134.

135.    Defendants deny the allegations set forth in Paragraph 135.

136.    Defendants deny the allegations set forth in Paragraph 136.

137.    Defendants deny the allegations set forth in Paragraph 137.

138.    Defendants deny the allegations set forth in Paragraph 138.

139.    Defendants deny the allegations set forth in Paragraph 139.

## RESPONSE TO PLAINTIFFS' REQUESTED RELIEF

Defendants deny that Plaintiffs are entitled to any of the requested relief sought by and through the First Amended Complaint and further state that the First Amended Complaint should be dismissed with judgment entered on behalf of Defendants.

## ADDITIONAL DEFENSES

Defendants assert the following additional defenses and reserve the right to assert in the future such other and further defenses as may become available or apparent during discovery or through other pretrial proceedings.  The assertion of any defense is not intended and shall not be construed as an admission that Defendants have the burden of proof of any such defense or on any related element of the Plaintiffs' claims.

## First Additional Defense

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

**Second Additional Defense**

Plaintiffs and/or some of the putative class members lack standing to complain of the matters asserted in the First Amended Complaint.

**Third Additional Defense**

Plaintiffs' causes of action asserted under Mass. G.L. c. 93A, § 9 are barred in whole or in part, and/or the relief potentially available to Plaintiffs, is limited by Plaintiffs' rejection of the timely and reasonable pre-litigation offer of settlement presented by Defendants' April 16, 2021 letters, sent in response to Plaintiffs' March 9, 2021, demand letters.

**Fourth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, asserted under Mass. G.L. c. 93A, § 9 are barred in whole or in part by Mass. G.L. c. 93A, § 3 ("Exempted transactions").

**Fifth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part by their failure to provide reasonably timely notice of their claims under Chapter 93A, given that such claims are based on the application of statutes that have been in existence and unchanged for many years to the longstanding rent structures at the Miller's Woods and Oak Point communities, which were established many years ago.

**Sixth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part insofar as the Defendants reasonably and in good faith relied upon the advice of legal counsel in

maintaining and/or modifying the rent structures at the Miller's Woods and Oak Point communities, in a manner they understood to be compliant with applicable law.

### Seventh Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part by the applicable statute(s) of limitations.

### Eighth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part by the doctrines of waiver and laches.

### Ninth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part by the doctrine of estoppel.

### Tenth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part because Plaintiffs and/or any person they purport to represent have consented to, ratified, or acquiesced in the alleged conduct of which they complain.

### Eleventh Additional Defense

Plaintiffs claims, on behalf of themselves and/or one or more of the members of the putative class described in the First Amended Complaint, are barred by the voluntary payment doctrine.

## **Twelfth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred, in whole or in part, by the doctrine of unclean hands from obtaining the requested relief.

## **Thirteenth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part because the presumption of unfairness associated with "[a]ny rule or change in rent which does not apply uniformly to all manufactured home residents of a similar class" as set forth in Section 32L(2) of the Mass. G.L. c. 140, is subject to rebuttal under the express terms of the statute, and the pertinent facts and circumstances with respect to the Miller's Woods and Oak Point communities effectively serve to rebut that presumption.

## **Fourteenth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part because the facts and circumstances surrounding the rent structure at the Oakhill community, which the Supreme Judicial Court considered in Blake v. Hometown America Communities, Inc., 486 Mass. 268 (2020), a case of first impression, are very different from the facts and circumstances of the Miller's Woods and Oak Point communities, and the rule and conclusion of the Blake case are therefore readily distinguishable and not applicable to the circumstances of this case.

## **Fifteenth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part because

the "non-uniform" rent structures at the Miller's Woods and Oak Point communities were originally established by the prior owners and operators of those communities, and not by any of the Defendants.  As a result, the relevant Hometown entities, upon their acquisition of those communities could not overhaul the existing rent structures without causing substantial disruption to the reasonable and settled economic expectations of all concerned parties, and/or without violating and dishonoring tenants' existing contractual rights and obligations under lease agreements already in place.  In addition, the relevant Hometown entities did not perceive any need or justification for making any attempt to do so, on the basis of Massachusetts law as then understood, construed, and applied.

### Sixteenth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, barred in whole or in part for the reason that prior to the Supreme Judicial Court's issuance of its 2020 opinion in Blake v. Hometown America Communities, Inc., 486 Mass. 268 (2020), any owner/operator-initiated attempt to modify the inherited "non-uniform" rent structures that were already in place at the Miller's Woods and Oak Point communities when the Defendants first acquired their interests in those communities would have rendered the Defendants immediately vulnerable to substantial potential legal liability for unfair practices in violation of Mass. G.L. c. 93A, § 9, and Mass. G.L. c. 140, § 32L(2).  This is because any effort to make an existing non-uniform rent structure more uniform necessarily entails a "change in rent which does not apply uniformly to all manufactured home residents of a similar class," and prior to Blake, there was no controlling legal precedent that established either any need or any authority for undertaking any such effort.

19

**Seventeenth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, with respect to the Oak Point community are barred in whole or in part because the rent rates at Oak Point were set in compliance with the applicable rules and regulations of the Town of Middleborough's Rent Control Board, and have at all pertinent times been subject to the oversight and enforcement authority of the Middleborough Rent Control Board.

**Eighteenth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, with respect to the Oak Point community are barred in whole or in part by Section 2.A.2 of the Rules of the Town of Middleborough's Rent Control Board, which provides, in relevant part, that certain maximum rents "may be higher or lower than the maximum rent for other mobile homes in the park when the rental housing agreement is made."

**Nineteenth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, with respect to the Oak Point community are barred in whole or in part as a result of the facts that Oak Point has been permitted, financed, and built out as a multi-phase community of nearly 1,000 home sites, with tenancies under leases that effectively lock in a uniform rent rate (subject only to annual CPI increases) for the full lifetime of each tenant.  This was only feasible on the premise that non-uniform rents were permissible, so that the owner/operator might at least obtain higher rents for new residents coming into the community over time, both as successive new phases of the community were built, and as

20

home sites turned over within previously-established phases of the community.  Granting the owner/operator the flexibility to implement a non-uniform rent structure supports the economic viability of offering lifetime leases.  And, for predominantly older residents, many of whom are on fixed incomes, the assurance that they can remain at the community as long as they wish without material changes to the terms and conditions of their lease agreements is a matter of great value, and giving up rent uniformity to obtain that benefit is properly understood to be fair, reasonable, and desirable.  As a matter of fairness, the combination of this very long-term community development horizon and the valuable grant to tenants of long-term security and protection against unanticipated rent increases at Oak Point are circumstances that make it eminently fair and appropriate to charge differing fair market rental rates to different Oak Point tenants.

## **Twentieth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part, and/or any relief to which Plaintiffs may be entitled should be limited, for the reason that when the pertinent Defendants acquired the Miller's Woods and the Oak Point communities, respectively, they had a reasonable, investment-backed understanding and expectation that each community's non-uniform rent structure was valid.  Hometown made the major business decision to acquire Oak Point with the expectation that it could continue to charge non-uniform rents as set forth in the applicable lifetime leases, and it made its financing arrangements and business plans on the basis of that same understanding and expectation.  This understanding was also consistent with the premise, supported by applicable law, that the owner/operator of a manufactured housing community is generally entitled to charge a reasonable market price rent for its leased home sites.  It would be unjust to grant relief to Plaintiffs that would undermine these reasonable

understandings and expectations, and the general entitlement of the owner/operator of a manufactured housing community is generally entitled to charge a reasonable market price rent for its leased home sites.

### Twenty-First Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred insofar as they seek relief that, if granted, would compel the Defendants to violate and dishonor the terms and conditions of existing lease contracts with the tenants of Miller's Woods and Oak Point that are legally binding and enforceable.

### Twenty-Second Additional Defense

To the extent any provision(s) of any of the applicable lease contracts are declared unenforceable, due to alleged unfairness or otherwise, such provision(s) should be severed and the lease contracts should be reformed in accordance with the law and consistent with equity and fairness to both contracting parties.

### Twenty-Third Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred, in whole or in part, if and to the extent that the purported class members at either Miler's Woods or Oak Point are dissimilarly situated and may be fairly classified as members of different classes, for purposes of Section 32L(2) of G.L. c. 140.

### Twenty-Fourth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred because Plaintiffs' have not

suffered any concrete injury or actual damages as a result of the allegedly wrongful conduct complained of.

### Twenty-Fifth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred because Plaintiffs' have not suffered any legally cognizable harm as a result of the allegedly wrongful conduct complained of.

### Twenty-Sixth Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part to the extent that no rent payer at Miller's Woods or Oak Point has paid a monthly rent rate that is in excess of the pertinent fair market rates for comparable housing in the relevant community.

### Twenty-Seventh Additional Defense

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, for the reimbursement of previously paid rents and interest on the same are barred in whole or in part because the rule announced in Blake v. Hometown America Communities, Inc., 486 Mass. 268 (2020) should be applied solely on a prospective basis, if at all, to the Miller's Woods and Oak Point communities.

### Twenty-Eighth Additional Defense

The defense of exhaustion of administrative remedies is expressly preserved, if and to the extent it is or may become applicable.

### Twenty-Ninth Additional Defense

Plaintiffs, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, cannot maintain this action as a class action

under the Federal Rules of Civil Procedure.  Among other things, Defendants expressly deny that the identities of the putative class members are determinable or ascertainable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiffs' claims are typical, and/or that individualized issues can be adjudicated on a class-wide basis, and that the Plaintiffs are adequate class representatives.  Plaintiffs have the burden of establishing these requirements and all Rule 23 requirements for litigating on a class-wide basis and they are unable to meet this burden.

**Thirtieth Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred because Plaintiffs cannot maintain this action as a class action under Chapter 93A because that procedural provision of the statute is preempted by Rule 23 of the Federal Rules of Civil Procedure.

**Thirty-First Additional Defense**

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred because Plaintiffs cannot simultaneously pursue both a Fed. R. Civ. P. 23(b)(2) class and a Fed. R. Civ. P. 23(b)(3) class in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011).

**Thirty-Second Additional Defense**

In the circumstances presented by this case, the imposition of liability and/or statutory damages under the Chapter 93A and/or the Massachusetts Manufactured Housing Act, as sought in the First Amended Complaint, would violate provisions of the United States Constitution,

including without limitation the Due Process Clause of the Fifth and/or Fourteenth Amendment, Contract Clause, and prohibition of excessive fines and punishment.

<strong><u>Thirty-Third Additional Defense</u></strong>

The interpretations of the MHA and Chapter 93A, upon which the First Amended Complaint is based, are unconstitutionally vague and overbroad, and thus violate provisions of the United States Constitution, including without limitation the Due Process Clause and prohibition of excessive fines and punishment.

<strong><u>Thirty-Fourth Additional Defense</u></strong>

Plaintiffs' claims, on behalf of themselves and/or one or more of the members of the putative classes described in the First Amended Complaint, are barred in whole or in part if and to the extent that the relief sought in the First Amended Complaint, in the circumstances of this case, would violate age discrimination laws of the Commonwealth of Massachusetts.

<strong><u>DEFENDANTS' REQUEST FOR RELIEF</u></strong>

WHEREFORE, Defendants request that the Court enter judgment in their favor on all of the Plaintiffs' claims, and award such further relief to the Defendants, including attorneys' fees, costs, and interest, as permitted by law and as the Court may deem just and appropriate.

Respectfully submitted,

HOMETOWN AMERICA, LLC,
HOMETOWN AMERICA MANAGEMENT, LLC,
HOMETOWN OAK POINT I, LLC,
HOMETOWN OAK POINT II, LLC,
MILLER'S WOODS MHC, LLC, and
RIVER BEND MHC, LLC,

By their attorneys,


*/s/ Lisa C. Goodheart*
Lisa C. Goodheart (BBO No. 552755)
goodheart@sugarmanrogers.com
Andrea Studley Knowles (BBO No. 640632)
knowles@sugarmanrogers.com
Tristan P. Colangelo (BBO No. 682202)
colangelo@sugarmanrogers.com
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, Suite 900
Boston, MA 02114-4737
(617) 227-3030

Dated: June 30, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Tristan P. Colangelo, hereby certify that a true copy of the above document was served electronically upon the below-listed attorney of record for each other party on June 30, 2021, as a registered ECF participant:

>Ethan Horowitz, Esq.
>Northeast Justice Center
>50 Island Street, Ste. 203B
>Lawrence, MA 01840

>*/s/ Tristan P. Colangelo*
>Tristan P. Colangelo

4847-4037-2976, v. 3