UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN BARTOK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. 21-10790-LTS |
| HOMETOWN AMERICA, LLC, et al., | ) |
| Defendants. | ) |

ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOC. NO. 158)

December 21, 2023

SOROKIN, J.

Defendants move for a protective order to limit disclosure of the annualized income statements of Hometown Oak Point I, L.L.C. and Hometown Oak Point II, L.L.C. ("Annualized Income Statements"). Defendants bear the burden to establish "good cause" for the protective order. Fed. R. Civ. P. 26(c). Defendants contend the information at issue is not otherwise public, that it is "essentially a detailed explanation of the Community LLCs' business model", and that disclosure would both provide "competitors an undue competitive advantage" in attracting prospective residents and "incentivize[]" vendors to change the vendors' costing structure. Doc. No. 159-1 ¶¶ 4–6. Under the totality of the circumstances, this showing fails to establish good cause. First, Defendants raised a significant and meaningful issue in the case: whether one of Plaintiffs' proposed remedies would cause a reduction in services and amenities at the Hometown communities. The class representatives—as well as the actual and potential members of the class—are entitled to the information forming the basis for analysis of that issue so that they can evaluate the issue for themselves. Similarly, this information will form at least some of

the basis for the Court's resolution of the issue. And ordinarily, the public has a right to know the grounds for judicial decisions. See, e.g., United States ex rel. Nargol v. DePuy Orthopaedics, Inc., 69 F.4th 1, 15 (1st Cir. 2023). Next, both entities operate in a rent-controlled environment, which means that the information at issue has substantive legal relevance[1] and renders much of it subject to disclosure even though to date the information has not been made public. All of these considerations, as well as the reasons supporting the Court's prior ruling requiring disclosure of the rent rolls, Doc. No. 145, outweigh the considerations Defendants advance to support their proposed protective order.

Moreover, the Court notes that the community level financial information is fairly generic without further underlying detail (e.g., revenues, payroll, debt service). The Defendants have not established that information of this nature is unavailable to competitors based upon their experience in the industry, communications with consultants, review of industry publications, or discussions with the various types of participants in the industry. Nonetheless, Defendants have demonstrated a basis for a much narrower protective order. Use of the Annualized Income Statements is limited to purposes of this litigation and these documents shall bear the legend "This document may be used only for purposes related to Bartok v. Hometown America, L.L.C. et al., U.S.D.C. C.A. No. 21-10790-LTS." Accordingly, the Motion is DENIED except to the extent described herein.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Defendants knew this prior to acquiring the communities.